OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 9, 1999

Ms. Kristen Klein
Guadalupe County Auditor
307 West Court, Suite 205
Seguin, Texas 78155

The Honorable Frank H. Bass, Jr.
Montgomery County Attorney
Courthouse
301 North Main Street, 3rd Floor
Conroe, Texas 77301

Opinion No. JC-0085

Re: Authority of a commissioners court to set salaries for employees of a juvenile probation department and related questions (RQ-963)

Dear Ms. Klein and Mr. Bass:

You have each asked this office questions concerning the authority of a juvenile probation board vis-a-vis the commissioners court. While Ms. Klein's questions are somewhat more detailed, in both cases we believe that prior opinions of this office dictate the same result. Ultimately, in our view, the juvenile probation board is an independent entity whose acts are subject to very limited scrutiny by the commissioners court of the county in which it is located. *See* Tex. Att'y Gen. Op. No. DM-460 (1997). This conclusion underpins our answers to your questions.

We begin with the question which you have both asked, namely the effect of Local Government Code section 111.094, added by the Seventy-fifth Legislature in 1997. Section 111.094 reads, "The commissioners court in preparing the county budget shall determine *the amount of county funds* to be spent for the juvenile probation department in the county budget." TEX. LOC. GOV'T CODE ANN. § 111.094 (Vernon 1999) (emphasis added). Mr. Bass asks, in effect, how to read this provision together with section 152.0004 of the Human Resources Code, the general provision with regard to expenses of a juvenile board, which requires the commissioners court to pay from the general fund "the salaries of juvenile probation personnel and other expenses certified as necessary by the juvenile board chairman." TEX. HUM. RES. CODE ANN. § 152.0004 (Vernon 1990); *see* Letter from Honorable Frank H. Bass, Jr., Montgomery County Attorney, to Honorable Dan Morales, Attorney General (July 30, 1997) [hereinafter "Bass Letter"]. Ms. Klein references Human Resources Code section 152.1001(d), the particular provision for Guadalupe County, which requires the court to "provide the necessary funds to pay the salary and expenses of the juvenile probation officer." *Id.* § 152.1001(d); *see* Letter from Kristen Klein, Guadalupe County Auditor, to Office of the Attorney General, Opinion Committee (March 31, 1997) [hereinafter "Klein

Letter"]. You each ask in light of these provisions who has the authority to set the budget of the juvenile department.

As this office pointed out in opinion DM-460:

> The department is funded with both county and state funds. [TEX. HUM. RES. CODE ANN. §§ 141.081, .084, 152.004, .005, .0012 (Vernon 1990 & Supp. 1999); see TEX. LOC. GOV'T CODE ANN. § 111.094 (Vernon 1999)]. Although the board is required to submit the department's budget to the commissioners court, the latter's authority over the budget is limited. [TEX. HUM. RES. CODE ANN. §§ 142.002, 152.007, .0012 (Vernon 1990 & Supp. 1999); TEX. LOC. GOV'T CODE ANN. § 111.094 (Vernon 1999)]. A commissioners court has no authority to consider or review the portion of the department budget funded with state funds. [See TEX. HUM. RES. CODE ANN. § 152.0012 (Vernon Supp. 1999)]. With respect to the items funded by the county, the commissioners court[] . . . may only determine the total dollar amount of county funds allocated to the department. [TEX. LOC. GOV'T CODE ANN. § 111.094 (Vernon 1999)]. It may not determine the particular purposes or amounts of any expenditures from these or any other funds the department receives.

Tex. Att'y Gen. Op. No. DM-460 (1997) at 2-4 (footnotes omitted); see also Tex. Att'y Gen. Op. No. MW-587 (1982).

Thus, the commissioners court's role in the budgeting of the juvenile probation department is limited to setting the dollar amount of county funds in the department's budget and reviewing that portion of the budget on an abuse of discretion standard. See TEX. HUM. RES. CODE ANN. § 152.0012 (Vernon Supp. 1999). The statutes do not give the commissioners court authority to determine how the funds are to be expended.

This understanding informs our answers to the last set of questions in Ms. Klein's request as well. The questions arose with respect to a controversy regarding the employment of two juvenile detention officers. The questions concern whether the juvenile board or the commissioners court has authority over the employment decisions, travel policies, and general management and financial decisions regarding a juvenile probation department or other program within the board's jurisdiction. These decisions generally are within the purview of the board. Because the board itself is an independent entity, its policy decisions are not within the jurisdiction of the commissioners court. See Tex. Att'y Gen. Op. No. DM-460 (1997). Neither are its employment decisions—whether they concern hiring, retention, salaries, or raises. The commissioners court may decide the dollar amount it will give the board, and may review county-funded programs *to the extent they are county-funded.*

But it has no general supervisory authority over the board, or over those matters within the board's jurisdiction.

Since that is the case, we can answer as well those questions relating to whether the commissioners court must consider in meeting and approve the expenses of the juvenile office, or of the juvenile probation department, or of the juvenile detention department, before paying such claims, as well as the question of whether the commissioners court must approve any amendment of the board's budget which does not require additional funds. We answer all these questions in the negative. Because the court has no supervisory authority over the board, it has no such approval power as the questions presuppose.[1] As this office has previously noted, "a requirement that the commissioners court review and approve juvenile board or department expenditures is contrary to the board's budgetary and financial independence." *Id.* at 10.

Ms. Klein further asks whether the board, as distinct from the court, must meet and approve the payment of claims for the expenses of the juvenile office, juvenile probation department, or juvenile detention department before paying such claims. We find no requirement for such formal meeting and prior approval in the statute establishing the juvenile board. Moreover, procedures for the monitoring and review of board finances are already to be found in the rules promulgated by the Texas Juvenile Probation Commission (the "Commission") at title 37 of the Texas Administrative Code, chapter 341. In particular, subsections (f) through (l) of section 341.2, all of which are mandatory, require the adoption of written fiscal policies, an agreement to comply with Commission standards, the assignment of accounting responsibilities to an appropriate fiscal officer and the preparation and submission to the Commission of an annual operating budget, the deposit of Commission funds in a special fund in the county depository and the submission of an annual fiscal audit to the Commission, the covering of all employees with access to monies by surety bonds, fiscal audits of program expenditures, and the keeping of financial and statistical records. *See* 37 TEX. ADMIN. CODE § 341.2(f)-(l) (1998). It would appear therefore that the Commission has adopted in these standards a comprehensive scheme to ensure sound fiscal practice by the board. Accordingly, while the board might, if it so chose, adopt requirements for board approval of the payment of various claims as part of its fiscal policy, nothing in the statute by which it is established requires it to do so.

As to budget amendments, however, we believe that such amendments do require formal board action. Section 140.004(b)(2) of the Local Government Code requires the board to hold a meeting before adopting its annual budget. *See* TEX. LOC. GOV'T CODE ANN. § 140.004(b)(2) (Vernon 1999). Ms. Klein asks whether, should the board choose to amend that budget, it must do so in a formal meeting. In our view, the amendment of such a budget would also require a formal

---

[1]We note, however, that section 140.004 of the Local Government Code requires the filing with the commissioners court of a copy of the proposed budget and a statement containing the date of the board's meeting to finalize the budget. Since, as we determine later, any amendment of the budget requires board action of equal dignity with the section 140.004 requirements, such filing must be made for amendments as well. *See* TEX. LOC. GOV'T CODE ANN. § 140.004 (Vernon 1999).

meeting and board action. Were it otherwise, and the power to amend the budget delegated, for example, to the chair alone, section 140.004 would in practice be reducible to a dead letter. Proceedings of equal dignity are necessary to avoid that result.

Finally, Ms. Klein asks how to interpret the word "expenses" in section 152.1001(d) of the Human Resources Code. Section 152.1001 establishes the Guadalupe County Juvenile Board. Subsection (d) thereof provides, "The chairman [of the board] shall certify all claims for expenses of the juvenile probation officer as necessary in the performance of the officer's duties. The commissioners court shall provide the necessary funds to pay the salary and expenses of the juvenile probation officer." TEX. HUM. RES. CODE ANN. § 152.1001(d) (Vernon 1990). Ms. Klein asks whether expenses here refer to out-of-pocket expenses of the officer himself, expenses "directly related to that officer," or "all bills paid by the county for the operation of the probation department." Klein Letter, *supra*, at 1. The last is, in our view, the correct interpretation. Subsection (d) parallels the general provision at section 152.0004 of the Human Resources Code, which requires payment of "the salaries of juvenile probation personnel and other expenses certified as necessary by the juvenile board chairman."[2] TEX. HUM. RES. CODE ANN. § 152.0004 (Vernon 1990). Accordingly, "expenses" in Guadalupe County's statute must be construed broadly, as is section 152.0004. The term is not limited to the particular expenses of the juvenile probation officer himself.

## S U M M A R Y

Local Government Code section 111.094 gives a commissioners court only the authority to set the dollar amount of the county funds which it will expend on the juvenile probation department. The commissioners court does not have general supervisory authority over the juvenile board, an independent entity, and therefore does not have authority over the board's employment decisions or over individual line items in the budgets of programs under the board's jurisdiction, such as the juvenile probation department or juvenile detention department. The commissioners court's power of review over the juvenile probation department is limited to a review of the amount of county funds in that department's budget on an abuse of discretion standard. Consequently the juvenile board, and not the commissioners court, has authority over the employment decisions, travel policies, and general management and financial decisions regarding a juvenile probation department, juvenile detention department, or juvenile detention facility. Further, the commissioners court has no authority to approve the expenses of programs under the jurisdiction

---

[2]As with other specific county statutes, the Guadalupe County statute deems section 152.0004 (as well as certain other subchapter A provisions) inapplicable, in our view, because the expenses provision is subsumed in section 152.1001(d).

of the juvenile board before paying such claims, or to approve amendments of the board's budget.

General procedure for the monitoring and review of juvenile board finances and fiscal policy are to be found in the rules promulgated by the Texas Juvenile Probation Commission at title 37 Texas Administrative Code, chapter 341. While a juvenile board might, if it so chose, adopt requirements of board approval of the payment of various claims as part of its fiscal policy, it is not required by statute to do so. Budget amendments, however, require formal board action of equal dignity with the procedure for budget adoption outlined in section 140.004 of the Local Government Code.

The term "expenses" in section 152.1001(d) of the Human Resources Code—a part of the section establishing the Guadalupe County Juvenile Board—is, like the general expenses provision at section 152.0004 of the Human Resources Code, to be broadly construed.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee